```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

VINTAGE BAY CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                              Case No: 2:18-cv-729-FtM-99UAM

LEXINGTON INSURANCE COMPANY,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Abate Pending Completion of Examinations Under Oath (Doc. #28) file on January 25, 2019. Defendant filed a Response in Opposition (Doc. #33) on February 19, 2019. For the reasons set forth below, the Motion is granted.

**I.**

Plaintiff Vintage Bay Condominium Association, Inc. ("Vintage Bay" or "Insured") is proceeding on a two-count Complaint – Count I for "Petition to Enforce and Compel Appraisal" and Count II for breach of contract with respect to a commercial insurance policy, Policy No. 41-LX-067045446-2 (the "Policy"), issued by Lexington to cover a condominium complex in Marco Island, Florida (the "Property") (Doc. #23). On January 26, 2019, the Court denied without prejudice Vintage Bay's Motion to Compel Appraisal, finding that the request for appraisal was not yet ripe under the

Policy's terms because post-loss obligations (including Examinations Under Oath (EUO) of Vintage Bay) were not yet complete. (Doc. #26.)

Plaintiff now moves to stay the case pending completion of the post-loss obligations. Plaintiff also requests that the Court order that all EUOs be completed within 90 days. Defendant objects to a stay, instead arguing that the case should be dismissed without prejudice because the Court has found that the demand for appraisal is not yet ripe and both of plaintiff's claims stem from Lexington's failure to comply with the appraisal provisions of the Policy. Because the dismissal argument was raised in Lexington's response, plaintiff did not respond to the argument.

## II.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). In considering whether a stay is warranted, courts in this district have considered a number of factors, including: "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." Shire Dev. LLC v. Mylan Pharm. Inc., No. 8:12-CV-1190-T-36AEP, 2014 WL 12621213, *1 (M.D. Fla. July 25, 2014) (citing Lifewatch Servs., Inc. v. Medicomp, Inc., No. 6:09-cv-1909-Orl-31DAB, 2010 WL 963202, *1

(M.D. Fla. Mar. 16, 2010)).

Here, the Court finds that a stay is appropriate. Completion of EUOs and the exchange of documentation will simplify the issues and reduce the burden of litigation. If the parties come to an agreement on appraisal of the loss after completion of post-loss obligations, it could moot the need for Court-ordered appraisal.

Lexington did not argue that the case should be dismissed in either its response to the Motion to Compel Appraisal (Doc. #11), nor in its Surreply (Doc. #25). If Lexington is serious about the ripeness argument, it should file a proper motion to dismiss. In addition, it has filed an Answer (Doc. #6) in the case. Therefore, the request to dismiss will not be addressed at this time.[1]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Abate Pending Completion of Examinations Under Oath (Doc. #28) is **GRANTED**. This case is stayed pending completion of post-loss obligations, including Examinations Under Oath, which must be completed by **June 10, 2019**. The Clerk is directed to add a stay flag to the case.

---

[1] However, it is open to question whether the case would be subject to dismissal, since Florida courts have found that the "disposition of prematurely filed actions varies depending upon the circumstances that give rise to the premature element of the claim," and in many circumstances the favored disposition is abatement until the cause matures. See Shuck v. Bank of America, N.A., 862 So. 2d 20, 24-25 (Fla. 2d DCA 2003).

2. The parties shall file a status report on or before **June 10, 2019**, or otherwise notify the Court when the stay is due to be lifted prior to this date.

3. The Court will take no further action on its Order directing Vintage Bay to show cause for lack of prosecution due to the non-filing of a Case Management Report (Doc. #27). Once the stay is lifted, the parties are directed to file a Case Management Report **within FOURTEEN (14) DAYS**.

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of March, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record